## STATE OF CONNECTICUT *v.* JEFFREY M. SKELLY
### (AC 22821)

Bishop, West and Mihalakos, Js.

Argued June 5—officially released August 5, 2003

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Robert M. Brennan*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Jeffrey M. Skelly, appeals from the judgment of conviction, rendered following a

trial to the jury, of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1). On appeal, the defendant claims that the trial court's instruction to the jury was improper because (1) the court charged that any evidence that he intentionally had provoked the use of force or was the initial aggressor was sufficient to prohibit the defense of self-defense and (2) the charge possibly misled the jury to believe that it must first determine whether the evidence was sufficient to raise a claim of self-defense. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the evening of August 7, 2000, the defendant and the victim, Neil Watts, were in Baron's Cafe in Bridgeport. Two employees of the cafe observed the defendant and the victim engage in a verbal dispute that escalated to a shoving match. The witnesses saw the defendant leave the cafe by the side door. The victim followed him soon thereafter. Later, the victim was found bleeding on the sidewalk outside Baron's Cafe and subsequently died of his injuries. The defendant was apprehended and admitted stabbing the victim with a knife he carried in his pocket. The defendant claimed that he stabbed the victim because the victim was choking him and that he was afraid that he was going to die. At trial, the defendant argued that he stabbed the victim in self-defense. The jury convicted the defendant of manslaughter in the first degree.

The defendant's claims concern the court's instruction to the jury with respect to self-defense. We therefore set forth our standard of review for a claim of instructional error in that regard. At trial, the defendant failed to submit a request to charge[1] and took no exception to the charge given by the court. On appeal, therefore, the defendant has requested that we review his

---

[1] The defendant initially submitted a request to charge but withdrew it.

claim pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[2] We will review the defendant's claim because "the record is adequate for review and because the right to establish a defense is constitutional in nature. *Washington* v. *Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967)." *State* v. *Cruz*, 75 Conn. App. 500, 507, 816 A.2d 683, cert. granted on other grounds, 263 Conn. 921, 822 A.2d 243 (2003).

"An improper instruction on a defense, like an improper instruction on an element of an offense, is of constitutional dimension. . . . In either instance, [t]he standard of review to be applied to the defendant's constitutional claim is whether it is reasonably possible that the jury was misled. . . . In determining whether it was indeed reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) Id., 507–508.

"Even though we review this claim under the third prong of *Golding*, we note that [w]hen the principal

[2] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

participant in the trial whose function it is to protect the rights of his client does not deem an issue harmful enough to press in the trial court, the appellate claim that the same issue clearly deprived the defendant of a fundamental constitutional right and a fair trial . . . is seriously undercut." (Internal quotation marks omitted.) Id., 509–10.

We now set forth the court's charge on self-defense. "I will first discuss with you the law of self-defense. The law of self-defense is not something that you probably ever had to deal with in your life, and it may be far different than you think it would be when you do deal with it. And it is, so I will repeat some of it so you understand it. If you don't, I want you to send me a note and I will repeat it as often as I have to so that you'll understand.

"In this case, the defendant claims that his use of force was justified as self-defense. This requires that I state to you the applicable rules of law on the use of force in self-defense. Self-defense is a legal defense to the use of force which would otherwise be criminal. This does not mean, however, that a defendant must prove the defense of self-defense. The burden of proof of guilt beyond a reasonable doubt remains on the state, which means that the state must disprove the defense of self-defense beyond a reasonable doubt. [It has] to prove beyond a reasonable doubt that the defense does not apply factually to this case. A person accused is justified in using reasonable physical force upon another person to defend himself from what he, the accused, reasonably believes to be the imminent use of physical force. And he may use such degree of force which he reasonably believes to be necessary for that purpose. However, a person is not justified in using physical force in self-defense when, with intent to cause physical injury to another person, he provokes the use of physical force by that other person. Nor is a person

justified in using physical force in self-defense when he is the initial aggressor. So, you have a consideration of the evidence here. Is there any evidence supporting any posture of the accused provoking or being an initial aggressor? And that you cannot speculate about. That must be in the evidence.

"First of all, the accused must actually believe that he is faced with the imminent use of physical force upon him. He must, in fact, have such a belief. Second, that belief must be reasonable. A reasonable belief is one that a reasonably prudent person viewing the situation from the defendant's perspective and in the same circumstances as the defendant was in would have. It's not the reasonably prudent person that flows through society. You have to do it from the point of view of the defendant and the view of him in the situation that he was in. So, you have to have the thought process adjusted to what was the situation. It is not an irrational belief, nor is it a belief that is not justified by all the circumstances existing then and there, nor is it necessarily the belief that the defendant, in fact, had. It is a belief that a reasonable—that was reasonable from the perspective of a reasonable person in the defendant's circumstances. Third, acting with that reasonable belief, the amount and the degree of force that he uses must be reasonable. It must be that degree of force that a reasonable person in the same circumstances viewed from the perspective of the defendant would use and no more. If the degree of force used is excessive or unreasonable in view of all the circumstances, the defendant is not entitled to the defense of self-defense. Whether the defendant had the requisite belief and whether the defendant's belief was reasonable and whether the degree of force he used was reasonable are questions of fact for you to determine from the evidence in the case to apply. . . .

"Now, manslaughter in the first degree, how is it defined? . . . For you to find the defendant guilty of this charge, the state must prove the felony elements beyond a reasonable doubt. . . . If you find the state has proven all the—beyond a reasonable doubt, each of the elements of the crime of intentional manslaughter, the resultant death with intent to cause serious physical injury, causing the death but not intended, then you will find the accused guilty. But that shall only be if you find that that conduct was accomplished without any consideration for the claim of the defendant of self-defense. You have to consider, there is evidence in this case for you to deal with, whether or not self-defense has been injected into the case. And remember that the accused has merely to bring it to your attention, and then it's the state's burden to prove to you beyond all reasonable doubt that the theory of self-defense has not been proven. So, that's your task."

I

The defendant's first claim is that the court's instruction on self-defense misled the jury to believe that any evidence that he provoked the use of physical force or that he was the initial aggressor was sufficient to prohibit the defense of self-defense. The defendant claims that the court's instruction was improper because it failed to define initial aggressor.

We disagree that the jury was misled by the court's instruction, as the question of an initial aggressor was not an issue in the case. The state conceded that the victim was the first one to use physical force inside Baron's Cafe. No one inside the cafe saw the defendant stab the victim. Blood was found on the threshold of the door where the defendant and the victim exited. The state's theory of the case was that the defendant left Baron's Cafe, lay in wait for the victim and stabbed him as he exited the side door. Our Supreme Court;

*State* v. *Quintana*, 209 Conn. 34, 46–48, 547 A.2d 534 (1988); and this court; *State* v. *Scarpiello*, 40 Conn. App. 189, 211–12, 670 A.2d 856, cert. denied, 236 Conn. 921, 674 A.2d 1327 (1996); have held that an incomplete jury instruction with regard to self-defense is not constitutionally infirm where the principal factual issue is not dependent on one aspect of the defendant's self-defense claim. The issue in those cases and here is which version of the event was more plausible. See *State* v. *Scarpiello*, supra, 212. We therefore conclude that the court's failure to define initial aggressor did not mislead the jury.

## II

The defendant's second claim is that the court's instruction possibly misled the jury to believe that it must first determine whether the evidence was sufficient to raise the claim of self-defense before considering it. We are not persuaded.

The defendant concedes that in the second paragraph of the court's charge on self-defense, the court gave a proper self-defense instruction, to wit: "Self-defense is a legal defense to the use of force which would otherwise be criminal. *That does not mean, however, that a defendant must prove the defense of self-defense.* The burden of proof of guilt beyond a reasonable doubt remains on the state, *which means that the state must disprove the defense of self-defense beyond a reasonable doubt. [It has] to prove beyond a reasonable doubt that the defense does not apply factually to this case.*" (Emphasis added.)

The defendant has founded his appellate claim on the following isolated portion of the court's instruction concerning self-defense, which was given at the end of the charge. "You have to consider, there is evidence in this case for you to deal with, *whether or not self-defense has been injected into the case.* And remember the accused has merely to bring it to your attention,

and then it's the state's burden to prove to you beyond all reasonable doubt *that the theory of self-defense has not been proven.* So, that's your task." (Emphasis added.) Although we agree with the defendant that a theory of self-defense does not have to be proven and that the burden is on the state to disprove it beyond a reasonable doubt, we conclude that the court's misstatement at the end of its charge did not mislead the jury.

Throughout its charge, the court instructed and reminded that jury that the state had to prove the case and disprove the theory of self-defense beyond a reasonable doubt. For example, the court stated: "The burden is on the state to prove that this accused is guilty of the crime with which he has been charged, and he, the accused, does not have to prove his innocence. . . . The defendant may rely on circumstantial evidence to raise reasonable doubt. But remember, the defendant has no obligation or burden to prove anything. The state has the burden, at all times, to establish each of the elements of the crimes charged beyond a reasonable doubt. . . . I remind you that the burden of proving intent beyond a reasonable doubt remains on the state. . . . This does not mean, however, that a defendant must prove the defense of self-defense. The burden of proof of guilt beyond a reasonable doubt remains on the state, which means that the state must disprove the defense of self-defense beyond a reasonable doubt." Furthermore, the court told the jury that it would repeat the law on self- defense as often as needed, at its request. There is nothing in the record to indicate that the jury did not understand the court's instruction as to self-defense.

On the whole, the court's charge to the jury made it abundantly clear that the state had the burden of proving its case beyond a reasonable doubt and that it had to disprove self-defense by the same standard. The cir-

cumstances of this case are similar to those in *State* v. *Bryant*, 233 Conn. 1, 11, 658 A.2d 89 (1995),[3] in which our Supreme Court concluded that when the improper language was placed in the context of the entire charge, it was not reasonably possible that the jury was misled. For those reasons, we affirm the judgment of conviction.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] In *Bryant*, the defendant challenged that portion of the court's instruction that stated that *"if you find the defense of self-defense applies and* that the State has failed to disprove, beyond a reasonable doubt, the defense of self-defense raised by the defendant, you find the defendant not guilty of any of these charges . . . ." (Emphasis in original; internal quotation marks omitted.) *State* v. *Bryant*, supra, 233 Conn. 10.